**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MARIONE BUTCHEE,** | : | **CIVIL ACTION NO. 1:26-CV-811** |
| | : | |
| **Petitioner** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN F. GARZA,** | : | |
| | : | |
| **Respondent** | : | |

**MEMORANDUM**

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241. Petitioner, James Marione Butchee, seeks a writ of habeas corpus compelling the United States Bureau of Prisons ("BOP") to apply earned time credits to his sentence pursuant to the First Step Act. The petition will be denied without prejudice.

## I. Factual Background & Procedural History

Butchee is incarcerated in Canaan United States Penitentiary ("USP-Canaan") serving a federal criminal sentence. He filed this case on March 30, 2026, arguing that he is eligible for time credits under the First Step Act that should be applied towards early release or prerelease custody, but that the BOP is improperly denying him those credits. (Doc. 1). Respondent responded to the petition on April 27, 2026, arguing that Butchee is ineligible to have FSA time credits applied to his sentence because he has been deemed a medium recidivism risk and that the court lacks jurisdiction over the petition to the extent Butchee is seeking transfer to prerelease custody. (Doc. 10). Butchee did not respond to that assertion, but on May 27, 2026, he filed a motion to supplement his petition to include an up-to-date

calculation of the FSA credits he has earned. (Doc. 11). No briefs have been filed with respect to the motion to supplement, and all briefing deadlines on the underlying petition have expired. The petition is accordingly ripe for review.

## II. Discussion

The FSA allows eligible inmates who successfully complete certain programs to receive earned time credits to be applied toward time in pre-release custody or supervised release. 18 U.S.C. § 3632(d)(4)(A). An inmate may earn ten days of credit for every thirty days of successful participation. Id. Eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five days of credit for every thirty days of successful participation. Id.

Section 102(b)(1)(B) of the FSA requires inmates to "be a minimum or low risk to recidivate" before they may be transferred to prerelease custody or supervised released pursuant to the statute. See First Step Act of 2018, Pub. L. No. 115-391, § 102(b)(1)(B), 132 Stat. 5194, 5211 (2018) (codified in 18 U.S.C. § 3624(g)(1)(D)). In other words, although an inmate "may be eligible to *earn* time credits, those credits cannot be *applied* until he has 'shown through the periodic risk reassessments a demonstrated recidivism risk reduction.'" Stepp v. Thompson, No. 1:22-CV-964, 2022 WL 16748607, *2 (M.D. Pa. Nov. 7, 2022) (internal alteration omitted) (quoting 18 U.S.C. § 3624(g)(1)(B)).

The BOP has declined to apply FSA time credits to Butchee's sentence because he has been assessed as having a medium recidivism risk under the

system. (Doc. 10-5). Butchee does not dispute that he is has been deemed a medium recidivism risk or advance any argument as to how he is entitled to have credits applied to his sentence despite that fact. Accordingly, he is ineligible to have time credits applied to his sentence under 18 U.S.C. § 3624(g), and his petition seeking application of his time credits will therefore be denied. Respondent's jurisdictional argument will not be addressed.

## III. Conclusion

The petition for writ of habeas corpus is denied without prejudice. Petitioner's motion to supplement the petition is denied as moot. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated: September 10, 2026